**WO**                                                                                          TCK

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Justin Michael Cristo,                        )    No. CV 07-0022-PCT-MHM (MEA)
                                              )
              Plaintiff,                      )    **ORDER**
                                              )
vs.                                           )
                                              )
Yavapai County Jail, et al.,                  )
                                              )
              Defendants.                     )
_____ )

**I.      Background**

        Plaintiff Justin Michael Cristo, who is confined in the Yavapai County Detention Center in Camp Verde, Arizona,  filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983.  By order of the Court filed on April 5, 2007 (Doc. #8), Plaintiff was granted thirty days within which to submit to the Court an Amended Complaint.  On May 1, 2007, Plaintiff filed an Amended Complaint (Doc. #10).  The Amended Complaint will be dismissed with leave to amend.

**II.     Statutory Screening of Prisoner Complaints**

        The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).  If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action.  See <u>Lopez v. Smith</u>, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).

The Court should not, however, advise the litigant how to cure the defects.  This type of advice "would undermine district judges' role as impartial decisionmakers."  <u>Pliler v. Ford</u>, 542 U.S. 225, 231 (2004); <u>see also</u> <u>Lopez</u>, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies).  Plaintiff's Complaint will be dismissed for failure to state a claim, with leave to amend because the Complaint may possibly be saved by amendment.

**III.    Amended Complaint**

In the Amended Complaint, Plaintiff alleges the following claims for relief: **(Count I)**:  Plaintiff alleges that Doctor Williams "has proved time after time his unprofessionalism and inadequate care for inmates."  Plaintiff contends that prior to his arrival at the Yavapai County Detention Center, he received numerous X-Rays, MRI's, treatments and evaluations by specialists, who prescribed a course of treatment for Plaintiff's serious medical condition. Plaintiff claims that Defendant Williams refuses to follow the prescribed treatment and refuses to provide an epidural injection for Plaintiff's pain.  Rather, Plaintiff claims that he has been "flooded with ibuprofen, viteril, tylenol and bacloten and an overabundance of prilosec" to treat his symptoms (Amend. Compl. at 3).  Plaintiff claims that Dr. Williams treatment plan for Plaintiff is inadequate. **(Count II)**:  Plaintiff alleges that he has been denied access to the law library and access to the Courts. Named as Defendants are Yavapai County; Doctor Williams; Sheriff Steve Waugh and Wexford Corporation. Plaintiff seeks compensatory damages.

**IV.    Improper Defendants**

A municipality may not be held liable unless its policy or custom caused the constitutional injury.  See <u>Leatherman v. Tarrant County Narcotics Intelligence and</u>

1   Coordination Unit, 507 U.S. 163, 166 (1993); Monell v. Department of Social Services, 436

2   U.S. 658, 694 (1978).  Thus, a municipality may not be sued solely because an injury was

3   inflicted by one of its employees or agents.  Long v. County of Los Angeles, 442 F.3d 1178,

4   1185 (9th Cir. 2006).  Rather, the municipality is liable only when the execution of its policy

5   or custom inflicts the constitutional injury.  Id.; Miranda v. City of Cornelius, 429 F.3d 858,

6   868 (9th Cir. 2005). Thus, a § 1983 claim against a municipal defendant "cannot succeed as

7   a matter of law" unless the plaintiff: (1) contends that the municipal defendant maintains a

8   policy or custom pertinent to the plaintiff's alleged injury; and (2) explains how such policy

9   or custom caused the plaintiff's injury.  Sadoski v. Mosley, 435 F.3d 1076, 1080 (9th Cir.

10  2006) (affirming dismissal of a municipal defendant pursuant to FED. R. CIV. P. 12(b)(6)),

11  pet. for cert. filed, No. 05-1283, 74 U.S.L.W. 3587 (April 4, 2006).

12          To state a claim under § 1983, a plaintiff must: (1) "allege a violation of his

13  constitutional rights"; and (2) "show that the defendant's actions were taken under color of

14  state law."  Gritchen v. Collier, 254 F.3d 807, 812 (9th Cir. 2001) (citing Flagg Bros., Inc.

15  v. Brooks, 436 U.S. 149, 155-56).  "Acting under color of state law is 'a jurisdictional

16  requisite for a § 1983 action.'"  Id. (quoting West v. Atkins, 487 U.S. 42, 46 (1988)).  Here,

17  Plaintiff has failed to set forth any facts to establish that the Defendant's actions were taken

18  under color of state law.  Accordingly, Defendant Wexford Corporation is also an improper

19  Defendant.

20          Finally, to state a valid claim under § 1983, Plaintiff must allege that he suffered a

21  specific injury as a result of the specific conduct of a defendant, and show an affirmative link

22  between the injury and the conduct of that defendant.  Rizzo v. Goode, 423 U.S. 362, 371-72,

23  377, 96 S. Ct. 598, 604-05, 607, 46 L. Ed. 2d 561, 569-70, 573 (1976).  To state a claim

24  against a state official, the civil rights complainant must allege that the official personally

25  participated in the constitutional deprivation or that a state supervisory official was aware of

26  widespread abuses and with deliberate indifference to the inmate's constitutional rights,

27  failed to take action to prevent further misconduct.  King v. Atiyeh, 814 F.2d 565, 568 (9th

28

1   Cir. 1987); See Monell v. New York City Department of Social Services, 436 U.S. 658, 691,

2   98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978).

3        Plaintiff makes no such allegation against Defendant Waugh, and therefore, fails to

4   demonstrate the link between Defendant's conduct and the injury allegedly suffered by

5   Plaintiff. Accordingly, Plaintiff has failed to state a claim against defendant Waugh.

6   **V. Failure to State a Claim**

7      **A.  Count I**

8        In Count I, Plaintiff alleges that Defendant Williams has denied him proper medical

9   treatment. To state a claim of deliberate indifference, a plaintiff must allege that a defendant,

10   despite his knowledge of a substantial risk of serious harm to the plaintiff, failed to take

11   reasonable measures to abate the harm.  Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct.

12   1970, 1984, 128 L.Ed.2d 811 (1994).   The Supreme Court has set out a two part test for

13   deliberate indifference.  "First, the alleged constitutional deprivation must be, objectively,

14   'sufficiently serious'" *i.e.*, the official's "act or omission must result in the denial of 'the

15   minimal civilized measure of life's necessities.'" Id. at 834, 114 S.Ct. at 1977 (quoting

16   Wilson v. Seiter, 501 U.S. 294, 298 (1991); Rhodes v. Chapman, 452 U.S. 337, 347 (1981)).

17   Second, the prison official must have a "sufficiently culpable state of mind," *i.e.*, he must act

18   with deliberate indifference to inmate health or safety. Farmer, 511 U.S. at 834, 114 S.Ct. at

19   1977. The Supreme Court has further defined this subjective test: "the official must both be

20   aware of the facts from which the inference could be drawn that a substantial risk of serious

21   harm exists, and he must also draw the inference."  Id. at 837, 114 S.Ct. at 1979.

22        Further, when a prisoner attempts to hold a prison employee responsible for deliberate

23   indifference, the prisoner must establish individual fault. Leer v. Murphy, 844 F.2d 628, 634

24   (9th Cir. 1988) (citing Berg v. Kincheloe, 794 F.2d 457, 460 (9th Cir. 1986)). "The prisoner

25   must set forth specific facts as to each individual defendant's deliberate indifference." Id.

26   at 634 (citing Berg, 794 F.2d at 460-461).  [["Sweeping conclusory allegations will not

27   suffice to prevent summary judgment." Id. at 634 (citing Berg, 794 F.2d at 460).]]

28

1   Finally, differences in judgment between an inmate and prison medical personnel
2   regarding appropriate medical diagnosis or treatment are not enough to state a deliberate
3   indifference claim. Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir.), cert. denied, 117 S.Ct.
4   585 (1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

5   Plaintiff has again failed to allege the elements of deliberate indifference.
6   Accordingly, Plaintiff has again failed to state a claim with respect to Count I of the
7   Amended Complaint. **Plaintiff will be provided with one final opportunity to amend his**
8   **Complaint**. In any Amended Complaint, Plaintiff must allege (to the extent that he can do
9   so in good faith), that each Defendant acted in a way to "consciously disregard" a substantial
10  risk of serious harm.  Farmer, 114 S.Ct. at 1980.  Plaintiff must set out the direct or
11  circumstantial evidence he relies on to demonstrate deliberate indifference. **Plaintiff must**
12  **provide specific dates of instances in which Defendant acted with deliberate indifference**
13  **and he must provide facts to support his claims.  Plaintiff must also allege his medical**
14  **diagnosis and specifically what Defendants have done or failed to do to treat him**.

15  **B.  Count II**

16  Plaintiff alleges that he has been denied access to the courts because he has been
17  denied access to the law library. Denial of use of the law library is not actionable if there has
18  been no claim of prejudice to existing or future legal actions.  Lewis v. Casey, 518 U.S. 343,
19  351-53 (1996).

20  The right of meaningful access to the courts prohibits state officials from actively
21  interfering with inmates' attempts to prepare or file legal documents. Casey, 518 U.S. at 350.
22  The right of access to the courts is only a right to bring petitions or complaints to federal
23  court and not a right to discover such claims or even to litigate them effectively once filed
24  with a court.  Id. at 354; see also Cornett v. Donovan, 51 F.3d 894, 899 (9th Cir. 1995) ("The
25  right of access is designed to ensure that a habeas petition or civil rights complaint of a
26  person in state custody will reach a court for consideration.")  The right "guarantees no
27  particular methodology but rather, the conferral of a capability – the capability of bringing
28

- 5 -

1    contemplated challenges to sentences or conditions of confinement before the courts."

2    Lewis, 518 U.S. at 356.

3          As a matter of standing, for an access to courts claim, a plaintiff must show that he

4    suffered an "actual injury" with respect to contemplated litigation; the plaintiff must

5    demonstrate that the conduct of the defendants prevented him from bringing to court a

6    nonfrivolous claim that he wished to present. Lewis, 518 U.S. at 351-53. An "actual injury"

7    is "actual prejudice with respect to contemplated or existing litigation, such as the inability

8    to meet a filing deadline or present a claim." Id. at 348.

9          Plaintiff has again failed to allege that he has sustained an "actual injury" pursuant to

10   Casey.  Moreover, Plaintiff has failed to name any Defendants who caused this alleged

11   constitutional violation.  The two jail officials named in Count II of the Amended Complaint

12   are not named parties in this action.  Accordingly, Plaintiff has failed to state a claim with

13   respect to Count II of this action.

14   **VI.    Leave to Amend**

15         For the foregoing reasons, Plaintiff's Amended Complaint will be dismissed for

16   failure to state a claim upon which relief may be granted. **PLAINTIFF WILL BE**

17   **PROVIDED WITH ONE FINAL OPPORTUNITY TO AMEND HIS COMPLAINT,**

18   **IN COMPLIANCE WITH THIS ORDER**.  Within 30 days, Plaintiff may submit a second

19   amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail

20   Plaintiff a court-approved form to use for filing a complaint.  If Plaintiff fails to use the

21   court-approved form, the Court may strike the amended complaint and dismiss this action

22   without further notice to Plaintiff.

23         Plaintiff must clearly designate on the face of the document that it is the "Second

24   Amended Complaint."  The amended complaint must be retyped or rewritten in its entirety

25   on the court-approved form and may not incorporate any part of the original Complaint by

26   reference.  Plaintiff may include only one claim per count.

27         An amended complaint supersedes the original complaint. Ferdik v. Bonzelet, 963

28   F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542,

1546 (9th Cir. 1990).   After amendment, the Court will treat an original complaint as nonexistent.  Ferdik, 963 F.2d at 1262.  Any cause of action that was raised in the original complaint is waived if it is not raised in a first amended complaint.  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

**VII.   Warnings**

**A.   Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result in dismissal of this action.

**B.   Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

**C.   Copies**

Plaintiff must submit an additional copy of every filing for use by the Court.  See LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.   Possible "Strike"**

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal will count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious,

or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

**E.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  See Ferdik, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     The Amended Complaint (Doc. #10) is **dismissed** for failure to state a claim. Plaintiff has **30 days** from the date this Order is filed to file a second amended complaint in compliance with this Order.

(2)     If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

(3)     The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

DATED this 22nd day of May, 2007.

_____
Mary H. Murgula
United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1.  <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2.  <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3.  <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4.  <u>The Filing Fee</u>.  The filing fee for this action is $350.00.  If you are unable to immediately pay the filing fee, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5.  <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6.  <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $350 filing fee or the application to proceed *in forma pauperis* to:**

| Phoenix & Prescott Divisions: | **OR** | Tucson Division: |
|---|---|---|
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 130 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona  85003-2119 | | Tucson, Arizona  85701-5010 |

7.  <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*).  Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  <u>See</u> Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this _____ (month, day, year) to:
> Name:  _____
> Address:_____
>           Attorney for Defendant(s)
> _____
> (Signature)

9.  <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  <u>See</u> Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.  <u>Exhibits</u>.  You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.  <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.  Completing the Civil Rights Complaint Form.

**HEADING:**

1.  Your Name.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

2.  Defendants.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

3.  Jury Demand.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

1.  Nature of Suit.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "Bivens v. Six Unknown Federal Narcotics Agents" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

2.  Location.  Identify the institution and city where the alleged violation of your rights occurred.

3.  Defendants.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page. Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

3

1. <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

**FINAL NOTE**

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,  )
(Full Name of Plaintiff)          )
                    Plaintiff,    )
                                  )
           vs.                    )   **CASE NO.** _____
                                  )            (To be supplied by the Clerk)
(1) _____ ,  )
(Full Name of Defendant)          )
(2) _____ ,  )
                                  )   **CIVIL RIGHTS COMPLAINT**
(3) _____ ,  )   **BY A PRISONER**
                                  )
(4) _____ ,  )   ☐ Original Complaint
                    Defendant(s).  )   ☐ First Amended Complaint
☐ Check if there are additional Defendants and attach page 1-A listing them. )   ☐ Second Amended Complaint

## A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:
   - ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
   - ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
   - ☐ Other: _____.

2. Institution/city where violation occurred: _____.

**550/555**

**B.  DEFENDANTS**

1.   Name of first Defendant: _____.  The first Defendant is employed as:
_____at_____.
(Position and Title)                                                                                     (Institution)

2.   Name of second Defendant: _____.  The second Defendant is employed as:
_____at_____.
(Position and Title)                                                                                     (Institution)

3.   Name of third Defendant: _____.  The third Defendant is employed as:
_____at_____.
(Position and Title)                                                                                     (Institution)

4.   Name of fourth Defendant: _____.  The fourth Defendant is employed as:
_____at_____.
(Position and Title)                                                                                     (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

**C.  PREVIOUS LAWSUITS**

1.   Have you filed any other lawsuits while you were a prisoner?        ☐ Yes        ☐ No

2.   If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

   a.  First prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

   b.  Second prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

   c.  Third prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

2

## D.  CAUSE OF ACTION

### COUNT I

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
    ☐ Basic necessities    ☐ Mail    ☐ Access to the court    ☐ Medical care
    ☐ Disciplinary proceedings    ☐ Property    ☐ Exercise of religion    ☐ Retaliation
    ☐ Excessive force by an officer    ☐ Threat to safety  ☐ Other: _____

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies:**
    a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?    ☐ Yes    ☐ No
    b.   Did you submit a request for administrative relief on Count I?    ☐ Yes    ☐ No
    c.   Did you appeal your request for relief on Count I to the highest level?    ☐ Yes    ☐ No
    d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

3

**COUNT II**

1.  State the constitutional or other federal civil right that was violated: _____
_____.

2.  **Count II.** Identify the issue involved. Check **only one**. State additional issues in separate counts.
    ☐ Basic necessities      ☐ Mail      ☐ Access to the court      ☐ Medical care
    ☐ Disciplinary proceedings    ☐ Property    ☐ Exercise of religion    ☐ Retaliation
    ☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.  **Supporting Facts.** State as briefly as possible the FACTS supporting Count II. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.  **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available
        at your institution?      ☐ Yes    ☐ No
    b.  Did you submit a request for administrative relief on Count II?      ☐ Yes    ☐ No
    c.  Did you appeal your request for relief on Count II to the highest level?    ☐ Yes    ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why
        you did not. _____
        _____.

4

**COUNT III**

1.    State the constitutional or other federal civil right that was violated: _____
_____.

2.    **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
    ☐ Basic necessities      ☐ Mail      ☐ Access to the court    ☐ Medical care
    ☐ Disciplinary proceedings    ☐ Property    ☐ Exercise of religion    ☐ Retaliation
    ☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.    **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.    **Administrative Remedies.**
    a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?    ☐ Yes  ☐ No
    b.    Did you submit a request for administrative relief on Count III?    ☐ Yes  ☐ No
    c.    Did you appeal your request for relief on Count III to the highest level?    ☐ Yes  ☐ No
    d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

5

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____

_____

_____

_____

_____

_____

_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____               _____
                                DATE                                                        SIGNATURE OF PLAINTIFF



_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)



_____
(Signature of attorney, if any)

_____

_____

_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.